# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION

## CRIMINAL CASE NO. 2:11cr16

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| ) | |
| MARTIN MEDINA. ) | |
| ) | |

**THIS MATTER** is before the Court upon the Government's Motion for Revocation of Release Order [Doc. 8].

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 2, 2011, the Grand Jury returned a three-count Bill of Indictment against the Defendant. [Doc. 1]. Count One charges that on or about June 5, 2011, the Defendant, who is an Indian, attempted to engage in a sexual act with a minor child under the age of 12 years in Indian country, in violation of 18 U.S.C. §§ 2241(c) and 1153. [Id.]. Count Two charges that on the same date the Defendant engaged in abusive sexual contact with a minor child under the age of 12 years in Indian country, in violation of 18 U.S.C. §§ 2244(a)(5) and 1153. [Id.]. Count Three charges

the Defendant on the same date with breaking and entering the dwelling house of another, without that person's consent and while the house was actually occupied, at nighttime, with the intent to commit aggravated sexual abuse and abusive sexual contact, in violation of 18 U.S.C. §§ 13 and 1153 and N.C. Gen. Stat. § 14-51. [Id.].

The Defendant's arraignment was held before the Honorable Dennis L. Howell, United States Magistrate Judge, on August 23, 2011, at which time the Government requested detention. A detention hearing was then conducted.

In support of its request for detention, the Government urged the Court to consider the nature of the charges set forth in the Bill of Indictment. The Bill of Indictment was offered into evidence without objection. The Government also submitted the Pretrial Services Report ("Report") for the Court's consideration. According to this Report, the Defendant is 19 years old and a lifelong resident of Cherokee, North Carolina. Prior to his arrest, he resided with Yonnie Hill. The Report further indicates that the Defendant is currently unemployed, although he is trained to be a firefighter. With respect to the Defendant's health, the Report indicates that the Defendant is in good physical condition, but that

2

he has suffered from depression and has abused alcohol since the age of 12.

With respect to the Defendant's criminal history, the Report indicates that he was convicted of speeding at the age 17 and of driving without an operator's license at the age of 18. The Report further indicates that the Defendant faces pending charges in Cherokee Tribal Court for a weapons offense, elder abuse and neglect, purchasing or attempting to purchase alcohol under age, and reckless endangerment, all allegedly arising from the events of June 5, 2011. During the course of the detention hearing, however, the Probation Officer contacted the Cherokee Tribal Court and learned that the Defendant had pled guilty to reckless endangerment and that the other charges had been dismissed.

While the Report noted that it did not appear that the Defendant was a flight risk, the Probation Officer nevertheless recommended detention based upon the nature of the offenses charged, the charges pending in Cherokee Tribal Court,[1] and the Defendant's mental health history.

The Defendant presented the testimony of four family members, all of whom reside in Cherokee and are enrolled members of the Cherokee

---

[1] As noted above, these charges had been adjudicated by the time of the detention hearing.

Tribe. Sandra Hill (Sandra) testified that she is either a cousin or great-aunt of the Defendant. She has helped raised the Defendant since he was two years old. She testified that prior to his arrest, the Defendant resided with her mother, Yonnie Hill. Sandra currently resides with her three adult children and two grandchildren, ages 6 and 4, in a four-bedroom house at 5395 Big Cove Road, less than one mile from her mother's house. Sandra reported that she works as a cook at a daycare center and typically works from 7 a.m. to 3 p.m. She testified that she did not know the Defendant to drink alcohol and that she was not aware of the circumstances which led to the present charges, other than "what [she had] heard." She testified that she was willing and able to supervise the Defendant, to ensure that he did not drink alcohol, and to ensure that he made any necessary court appearances. She further testified that she was not concerned about the Defendant being around her children and grandchildren, and that she did not feel he was a danger to the community.

Yonnie Hill (Yonnie) also testified on behalf of the Defendant. She testified that she is 78 years old and that the Defendant is her nephew.[2] Prior to his arrest, the Defendant was residing with her at her residence in

---

[2] The Pretrial Services Report indicates that the Defendant calls Yonnie Hill his grandmother.

Big Cove. She testified that she has helped raise the Defendant since he was two years old and that he is a good person who helps her with household chores. She further testified that the Defendant had never been violent around the house and that she was not afraid of him. She further testified that the community was not afraid of him, and that the Defendant had many friends in the community.

Yonnie testified that she was not aware of the Defendant ever having been in trouble or that he drank alcohol. She did indicate that she was aware that the Defendant had shot his own truck in her front yard, but she could not recall any specific details about the incident.[3]

Joanie Hill (Joanie) also testified on the Defendant's behalf. She is the 25-year-old daughter of Sandra Hill and resides with her along with her two sons, ages 6 and 4. She testified that she is employed outside of the home. Joanie testified that she is willing to help supervise the Defendant while on release and to ensure that he does not consume alcohol and that he appears for all required court appearances. She testified that she had

---

[3]A review of the FTR recording of the detention hearing indicates that Yonnie Hill had difficulty hearing the questions posed to her by the attorneys and the Court. The Government asserts that even when Ms. Hill could hear these questions, she "exhibited great difficulty understanding and answering them." [Doc. 8 at 6]. Having reviewed her testimony, the Court does not agree with the Government's assessment of Yonnie Hill's ability to comprehend the questions posed to her.

never known him to drink alcohol, although she recalled having driven him to AA meetings in the past. She also testified she had never seen the Defendant be violent and that she did not feel that he was a danger to the community. She further testified that she did not feel that the Defendant was a danger to her young children.

Joanie testified that she was not really aware of what happened on June 5, 2011. In response to the Government's cross-examination, she acknowledged that she had heard that the Defendant had shot his vehicle with a rifle and that the SWAT team subsequently removed him from the property. She testified that she was unaware that the Defendant possessed a rifle prior to this incident.

Patrick Hill (Patrick) was also called to testify on behalf of the Defendant. Patrick is Sandra Hill's 32-year-old son who resides with her at 5395 Big Cove Road. He is the Defendant's cousin, although he regards himself more as a brother. He works full-time for the tribal recreation department. Patrick testified that he was unaware of the Defendant's alcohol problem or that he ever attended AA meetings. He was also unaware that the Defendant possessed a rifle prior to the June 5, 2011 incident. Patrick indicated that he himself owns firearms, but that he would

6

be willing to remove them from the home if the Defendant were released to the custody of Sandra Hill. He further indicated that he would be willing to supervise the Defendant on release and would make sure that the Defendant appeared for all court hearings. Patrick testified that he did not fear the Defendant, and that he did not think he was a danger to the community.

With respect the events which allegedly occurred on June 5, 2011, Patrick testified that he did not know anything about the charges pending against the Defendant. He testified that he received a call that day from a relative asking him to check on the Defendant. When he arrived at Yonnie Hill's home later that day, the Defendant had already been taken away. Patrick testified that he observed two bullet holes in the Defendant's vehicle and a golf club laying on the windshield. He acknowledged on cross-examination that he had heard that the Defendant had been taken away by a SWAT team.

In support of his request for release, the Defendant also presented a letter from the Cherokee Fire Department indicating that he had received extensive fire fighting training and performed volunteer work for them.

Based on the charges set forth in the Bill of Indictment, Judge Howell concluded that probable cause existed to believe that the Defendant had committed a crime which creates a rebuttable presumption of detention under 18 U.S.C. § 3142(e)(3)(E). After reviewing the evidence, however, Judge Howell found that the Defendant had rebutted the presumption of detention and therefore ordered the Defendant to be released to the custody of Sandra Hill, subject to numerous conditions, including home incarceration and location monitoring.

The Government now appeals this release order, arguing that the Defendant poses a significant risk of danger to the community and that he failed to rebut the presumption in favor of detention.

## II.   STANDARD OF REVIEW

Title 18 of the United States Code, section 3145, governs the review and appeal of detention orders. This statute provides, in pertinent part, as follows:

> If a person is ordered released by a magistrate judge, . . . the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release.

8

18 U.S.C. § 3145(a)(1). In reviewing a motion to revoke or amend an order of release, the Court reviews the Magistrate Judge's Order de novo. See United States v. Stewart, 19 F. App'x 46, 48 (4th Cir. 2001). In so doing, the Court "must make an independent determination of the proper pretrial detention or conditions of release." Id.

### III. ANALYSIS

The Defendant is charged with offenses involving a minor victim under 18 U.S.C. §§ 2241 and 2244. As such, a presumption arises, subject to rebuttal by the Defendant, that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community. See 18 U.S.C. § 3142(e)(3)(E).

In considering whether the presumption has been rebutted, the Court must take into account the information available regarding:

> (1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim . . .;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including –

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

Upon reviewing the evidence presented at the detention hearing, the Court agrees with the Magistrate Judge's factual findings and with his legal conclusion that the Defendant's release, subject to the various conditions outlined by the Magistrate Judge, is warranted in this case. Based upon the Bill of Indictment, the Court concludes that there is probable cause to believe that the Defendant committed offenses involving a minor victim. Beyond the general recitations in the Bill of Indictment, however, the Government has failed to present any evidence regarding the precise

nature and circumstances of these offenses.  See 18 U.S.C. § 3142(g)(1).  For example, the Government argues in its brief that release of the Defendant to the custody of Sandra Hill is particularly inappropriate because her grandchildren also reside in her home, one of whom is "a child *of the same age as the alleged victim*."  [Doc. 8 at 15 (emphasis in original)].  The Government, however, did not present any evidence at the detention hearing to show that the alleged victim was six years old.  Indeed, there is nothing whatsoever in the record to inform the Court about the particular details of the charged offenses, as there was no testimony presented by any law enforcement officer in support of the Government's request for detention (although at least one officer was present at the hearing).

In addition to failing to provide any evidence regarding the circumstances of the charged offenses, the Government has not provided the Court with any evidence from which the Court could conclude that the weight of the evidence against the Defendant is sufficient to warrant his detention, or even any information regarding the weight of the evidence against the Defendant at all.  See 18 U.S.C. § 3142(g)(2).

With respect to the Defendant's history and personal characteristics, the record shows that the Defendant is nineteen years old and has a minimal criminal history, consisting of convictions for speeding and for driving without an operator's license, and a recent conviction for reckless endangerment, stemming from the events of June 5, 2011.[4]  He is currently unemployed but has received training to be a firefighter.  He was not on probation or parole at the time of the offenses, and he has no history of failing to appear for court proceedings.  Furthermore, the Defendant has extensive family ties and strong ties to the local Cherokee community, all of which indicates he is not a serious flight risk.  See 18 U.S.C. § 3142(g)(3).

While the Defendant has a history of depression and alcohol abuse, the family members who testified at the hearing indicated that they did not believe the Defendant to be a danger to their family or the community.  Notably, both Sandra Hill and Joanie Hill testified that they did not believe the Defendant to pose a danger to the minor children residing in their home, and they expressed no reservations about the Defendant being around these children while on release.  Significantly, all of these witnesses indicated their willingness to supervise the Defendant and to ensure his

---

[4] Again, however, no information was provided by the Government regarding the details of this offense.

compliance with the conditions of release, including preventing him from consuming alcohol.  Based upon this evidence, the Court finds and concludes the nature and seriousness of the danger posed by the Defendant's release to home incarceration to be minimal.  <u>See</u> 18 U.S.C. § 3142(g)(4).

     As for the Government's argument that the Defendant has failed to rebut the presumption in favor of detention that arises from the nature of the charges, the Court finds this argument to be without merit.  The nature of the charges allows the Court to presume that no condition or combination of conditions will reasonably assure the appearance of the Defendant and the safety of the community.  18 U.S.C. § 3142(e)(3)(E). Through his four witnesses, however, the Defendant has shown that there is a sufficient likelihood that because of the conditions imposed by the Magistrate Judge and the strong family ties with those to whom he is to be released that he would appear to face the pending charges.  In addition, the Defendant's four witnesses testified to their belief that the Defendant is not a danger to the community or to their households.  That rebuttal evidence, taken in conjunction with the fact that the Government relied on the mere nature of the accusation against the Defendant without having

13

shown anything as to the strength of the evidence to support that accusation, quickly allows the presumption of detention to evaporate.

Having conducted an independent review of the FTR recording of the detention hearing, the Bill of Indictment, and the Pretrial Services Report, and having considered the arguments of counsel, the Court concludes that the Magistrate Judge carefully considered each factor set forth in 18 U.S.C. § 3142(g) and properly concluded that the Defendant has rebutted the presumption of detention.  Accordingly, the Court will affirm the Defendant's release to home incarceration pending trial.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's Motion for Revocation of Release Order [Doc. 8] is **DENIED**, and the Magistrate Judge's Release Order is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

Signed: September 6, 2011

Martin Reidinger
United States District Judge